

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

February 17, 1958

Mr. H. C. Pittman, Jr.
Chairman
Industrial Accident Board
Austin, Texas

Opinion No. WW-368

Re: Are weekly compensation
benefits and medical bene-
fits extended to employees
of State Schools, counties,
municipalities and the
Texas Highway Department by
reason of Article 8306 of
the 55th Legislature.

Dear Sir:

You have asked our opinion as to whether the amendments
to Sections 7, 7-c, 8, 10, 11 and 12 of Article 8306, Vernon's Civil
Statutes, made by the Legislature in House Bill 433, Acts, 55th
Legislature, Regular Session, 1957, Chapter 397, page 1186, apply
to the employees of Texas A. & M. College (Art. 8309-B, V.C.S.),
counties (Art. 8309-C, V.C.S.), the University of Texas (Art. 8309-D,
V.C.S.), cities, towns and villages (Art. 8309-E, V.C.S.), Texas
Technological College (Art. 8309-F, V.C.S.), and the State Highway
Department of Texas (Art. 6674s, V.C.S.). Each of these latter Acts
adopts certain provisions of the Workmen's Compensation Act, in-
cluding those involved in this request. The specific legal problem
involved is whether the Acts adopting the Workmen's Compensation
Law for these groups of employees also adopted subsequent amend-
ments to the Sections adopted.

House Bill 433, supra, was enacted by the Legislature sub-
sequent to the adopting Acts referred to above. Therefore, none of
the adopting Acts refer to House Bill 433, and if House 433 is to
apply to the employees of the entities above named, it can only be
through the adopting Acts applying to future changes in the Sections
adopted.

The laws providing workmen's compensation for the em-
ployees of Texas A. &. M. College and counties adopt the above
Sections of the Workmen's Compensation Act, "as amended". All
the other Acts named above list the Sections adopted "as amended
by [a specific session law]".

In Trimmier v. Carlton, 116 Tex. 572, 296 S.W. 1070 (1927)
the Supreme Court of Texas succinctly stated the law to be applied
to this situation as follows:

". . .

"Statutes which refer to other statutes
and make them applicable to the subject of
legislation are called 'reference statutes,'
and are a familiar and valid mode of legisla-
tion. The general rule is that when a statute
is adopted by a specific descriptive reference,
the adoption takes the statute as it exists at
that time, and the subsequent amendment there-
of would not be within the terms of the adopting
act. But when the language of the adopting act
is such as to evidence an intention on the part
of the Legislature that the act as it then existed
and as it might thereafter be amended was to be
adopted, then the courts will give effect to that
intention, and the adopted act and amendments
thereto will be held to be within the meaning
of the adopting act and to govern the subject-
matter thereof. . . . ."

As we have stated, the laws adopting the Workmen's
Compensation Act for University of Texas, city, town or village,
Texas Technological College and State Highway Department of
Texas employees, did so by naming the Sections adopted together
with their amendments, citing the amendments by their specific
session law citations. We think it clear that, under the rule
of the Trimmier case, such an adoption of another statute is not
sufficient to adopt subsequent amendments thereto. Accordingly,
it is our opinion that the amendments to Sections 7, 7-c, 8, 10,
11 and 12 of Article 8306, Vernon's Civil Statutes, by House Bill
433, Acts, 55th Legislature, Regular Session, 1957, Chapter 397,
page 1186, do not apply to the employees of the University of
Texas, cities, towns or villages, Texas Technological College
or the State Highway Department of Texas. It has been prev-
iously so held by this office in a similar situation. Attorney
General's Opinion V-539.

The laws providing workmen's compensation for employ-
ees of Texas A. & M. College and counties (cited supra) adopt
certain Sections of Article 8306, Vernon's Civil Statutes, "as
amended". Under the Trimmier case, we are to determine the
intention of the Legislature in using the words "as amended".
If the Legislature intended these words to mean "as amended
from time to time" then the amendments to Sections 7, 7-c, 8,
10, 11 and 12 by House Bill 433, will apply to these employees.
However, if by using these words the Legislature intended to
say "as amended heretofore", then the amendments will not
apply.

We think the latter meaning is intended in this instance. First, the "amended" is used in the past tense, and no indication of in futuro thought is given. Second, the history of the two Acts involved would indicate that the words "as amended" were used as a term of convenience to include all prior Acts amending the original Workmen's Compensation Act. When the original adopting Acts for Texas A. & M. College and counties were adopted, the Sections adopted were grouped in such a manner that the amendments subsequent to the original Workmen's Compensation Act were listed following the Sections which they amended. In other words, there would be a listing of three or four Sections by number, followed by, for example, "as amended by House Bill No. 10, Acts 1947, Fiftieth Legislature;". The listing in this manner of the thirty-six or so Sections adopted consumed over one-half page in the session acts, and involved the citation of approximately eighteen session acts in each of these adopting laws. Since the words "as amended" are both short and all-inclusive, it appears that the words were used to obviate the necessity of listing all these session acts and to negate the possibility of omitting an amendment through error.

Therefore, it is our opinion that the Legislature intended the words "as amended" to apply retrospectively and not prospectively. Accordingly, the amendments to Sections 7, 7-c, 8, 10, 11 and 12 of Article 8306, Vernon's Civil Statutes, made by House Bill 433, Acts 55th Legislature, Regular Session 1957, Chapter 397, page 1186 do not apply to the employees of Texas a. & M. College or counties under the terms of the respective above cited statutes.

## SUMMARY

Amendments to Article 8306, Vernon's Civil Statutes, subsequent to Articles 8309-b, 8309-c, 8309-d, 8309-e, 8309-f, and 6674s, Vernon's Civil Statutes, do not apply to the employees covered by those latter Acts because the adoptive provisions of such latter Acts do not contemplate adoption of future amendments to Article 8306, Vernon's Civil Statutes.

Very truly yours,

WILL WILSON
Attorney General of Texas

By
John H. Minton, Jr.
Assistant

JHM:mg:wb:ps

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

Cecil C. Rotsch

J. Mark McLaughlin

J. Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL

BY:   W. V. Geppert